**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 17-cv-00581-REB

JONATHAN MICHAEL WINDISH,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

## ORDER

**Blackburn, J.**

    The matters before me are (1) **Defendant's Motion To Dismiss Pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6)** [#26],[1] filed July 10, 2017; and (2) plaintiff's **Motion To Amend Complaint** [#32], filed September 1, 2017. Having reviewed the motion to amend,[2] the Commissioner's response ([#36], filed October 13, 2017), and plaintiff's reply ([#37], filed October 27, 2017), and having considered the apposite arguments and authorities, I find and conclude that plaintiff's proposed amendment would be futile, as there is no valid reason to excuse his failure to file his appeal in the time and manner prescribed by law. Accordingly, his claims are barred by limitations and must be dismissed.

---

    [1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

    [2] The motion to amend has been fully briefed and is ripe for determination; the motion to dismiss has been held in abeyance pending resolution of the motion to amend. (**See Minute Order** [#34], filed September 5, 2017.)

The law is clear: "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." **Federal Deposit Insurance Corp. v. Meyer**, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Where the government has consented to be sued, the terms of its consent define the boundaries of the court's jurisdiction. **Id.**, 114 S.Ct. at 1000. **See also United States v. Mitchell**, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

As applied in this context, that proscription means that any suit seeking review of a final decision of the Commissioner must be commenced within sixty days after the mailing of notice of the right to appeal.[3] **See** 42 U.S.C. §§ 405(g) & 405(h). Although this deadline operates as a statute of limitations rather than a jurisdictional bar, because it is a condition of the government's waiver of sovereign immunity, it nevertheless must be strictly construed. **Bowen v. City of New York**, 476 U.S. 467, 478-79, 106 S.Ct. 2022, 2029-30, 90 L.Ed.2d 462 (1986); **Gossett v. Barnhart**, 139 Fed. Appx. 24, 25 n.1 (10th Cir. May 19, 2005), **cert. denied**, 126 S.Ct. 453 (2005); **Miles v. Colvin**, 2014 WL 2533814 at *1 (W.D. Okla. June 5, 2014).

Plaintiff does not dispute that this appeal was filed well after the sixty-day deadline expired – some eighteen months after. In seeking leave to amend his complaint, plaintiff suggests this lapse should be excused because (1) he has a

---

[3] Barring evidence to the contrary, the date of receipt is presumed to be five days after the date of notice. **See** 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). **See also Gossett v. Barnhart**, 139 Fed. Appx. 24, 26 (10th Cir. May 19, 2005); **cert. denied**, 126 S.Ct. 453 (2005).

colorable constitutional claim; and/or (2) he is entitled to equitable tolling of the period of limitations.[4] The Commissioner objects that leave to amend should be denied because the proposed amendment (*see* **Motion To Amend**, Exh. A [#32-1]) does not overcome the deficiencies noted in the pending motion to dismiss. I concur.

By his proposed amended complaint, plaintiff asserts he was denied due process because his waiver of his right to representation after the ALJ disqualified plaintiff's mother from serving as his non-attorney representative was not knowing and voluntary. Because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures . . . access to the courts is essential to the decision of such questions." **Califano v. Sanders**, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). Plaintiff's proposed amended complaint fails to assert such a colorable constitutional claim, however.

"The core of due process is the right to notice and a meaningful opportunity to be heard." **LaChance v. Erickson**, 522 U.S. 262, 266, 118 S.Ct. 753, 756, 139 L.Ed.2d 695 (1998). It is plain plaintiff was notified adequately of his right to be represented at the hearing, and he does not argue otherwise.[5] Plaintiff received A "Notice of Disapproved Claim" following the initial decision denying his first request for disability benefits in 2012. That notice plainly advised him of his right to be represented at the

---

[4] Plaintiff initially filed this appeal *pro se*. Prior to the appointment of *pro bono* counsel, plaintiff tendered two additional proposed amended complaints (*see* [#12], filed April 26, 2017; [#8], filed April 5, 2017), neither of which was effective to supplant his original complaint absent leave of court, which was neither sought nor granted. See **FED. R. CIV. P.** 15(a)(1).

[5] Although there is no *constitutional* right to be represented in administrative proceedings, *see* **Graham v. Apfel**, 129 F.3d 1420, 1422 (11th Cir. 1997); **Banta v. Chater**, 1996 WL 477298 at *1 (10th Cir. Aug. 22, 1996), a claimant has a statutory right to representation, *see* 42 U.S.C. § 406(a)(1).

hearing. (**See Commissioner Resp.**, Exh. 2 at 10 of 55 ("You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.").) The agency form used to request a hearing before an administrative law judge informs claimants also of the right to representation and the availability of legal referral and service organizations. (**See id.**, Exh. 1 at 8 of 17.)[6] No more is required in this circuit for notice to be considered constitutionally sufficient. **See Carter v. Chater**, 73 F.3d 1019, 1021 (10th Cir. 1996); **Villalobos v. Colvin**, 2016 WL 10588059 at *4 (D.N.M. March 29, 2016).

Moreover, and contrary to plaintiff's arguments, he was not denied a meaningful opportunity to be heard. Plaintiff maintains ALJ's decision to disqualify his mother from acting as his representative rendered his subsequent waiver of his right to representation invalid and thus the hearing constitutionally deficient. I cannot agree.

First, although the proposed amended complaint suggests it is unclear why the ALJ disqualified plaintiff's mother,[7] it is plain from the ALJ's opinion that he did so because she intended to testify on plaintiff's behalf. (**See Commissioner Resp.**, Exh. 2 at 20 of 55.) Although plaintiff's suggests his mother nevertheless should not have been disqualified, the prohibition on advocate-witnesses, **see Petrilli v. Drechsel**, 94

---

[6] Although the particular iteration of the form in the record pertains to plaintiff's second application for benefits rather than his first, plaintiff plainly completed an identical form to obtain a hearing on his first application.

[7] I note further that plaintiff neither alleges nor demonstrates that his mother in fact was qualified to act as a representative, despite the fairly lenient standards for approval to act in that capacity. **See** 20 C.F.R. § 404.1705.

F.3d 325, 330 (7th Cir. 1996), is no less vital in the administrative context than elsewhere, *see, e.g.*, **Cannon v. Apfel**, 213 F.3d 970, 977-78 (7th Cir. 2000); **Keys v. Berryhill**, 2017 WL 4324689 at *3 (W.D.N.Y. Sept. 29, 2017); **West v. Commissioner of Social Security**, 2016 WL 5030380 at *1 n.3 (M.D. Fla Sept. 20, 2016). Moreover, although plaintiff faults the ALJ for failing to postpone the hearing to allow him the opportunity to secure representation, there is neither allegation nor evidence that he requested a postponement. **See** Social Security Administration, Office of Hearings and Appeals, **Litigation Law Manual** ("HALLEX") I-2-6-52(C) ("*If the claimant asks to postpone the hearing to obtain a representative* . . . the ALJ will typically grant the requested postponement.") (emphasis added);[8] **Hughes ex rel. T.H. v. Astrue**, 2012 WL 8281312 at *10 (S.D. Miss. March 12, 2012) ("The ALJ was not required to offer a postponement to obtain representation absent a request to do so."), **aff'd**, 493 Fed. Appx. 594 (5th Cir. Oct. 12, 2012).

To the extent plaintiff alleges a violation of his right to due process insofar as his "mental illness and lack of adequate representation also prevented him from understanding and pursuing his administrative remedies after the Appeals Council denied his request for review" (**Motion To Amend**, Exh. A ¶ 67 at 13), that assertion is clearly belied by both the record before me and the allegations of the proposed amended complaint. Despite his mental impairments, plaintiff successfully navigated each step of the administrative process up to an including Appeals Council review.

---

[8] HALLEX is an internal agency directive that "defines procedures for carrying out policy and provides guidance for processing claims at the Hearing, Appeals Council, and Civil Actions levels." HALLEX I-1-01.

More importantly, plaintiff does not allege that he did not understand he had a right to appeal to the district court after the Appeals Council denied his request for review, but asserts instead that he "believed his best opportunity to get the ALJ's opinion reviewed was to file a new application and request the old application be reopened," under the "mistaken belief that [filing a new application] would lead to a reconsideration of the ALJ's 2013 decision denying [plaintiff] benefits." (*Id.*, Exh. A ¶¶ 56 & 57 at 11.)

It is thus clear plaintiff understood he had a right to appeal, even if he misinterpreted the consequences of his decision to forgo that right. Indeed, his purportedly mistaken belief could not possibly have been based on the Appeals Council's denial letter itself, which states explicitly:

> You have the right to file a new application at any time, but filing a new application is not the same as appealing our action. If you disagree with our action and file a new application instead of appealing, you might lose some benefits or not qualify for any benefits. So, if you disagree with our action, you should file an appeal within 60 days.
>
> . . . .
>
> If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.

(**Commissioner Resp.**, Exh. 2 at 49 of 55.)[9] Plaintiff consciously chose a course of action which he was patently informed would preclude review of the ALJ's 2013 decision. While his decision not to appeal thus may have been unwise, it does not give

---

[9] Moreover, although plaintiff claims he "assumed that the District Court review process was impossible without an attorney" (**Plf. Motion To Amend**, Exh. 1 ¶ 56 at 11), the denial letter very clearly set forth all the requirements for filing an appeal with the district court and provided the address and telephone number of the local Social Security office to which plaintiff could direct any questions (*see* **Commissioner Resp.**, Exh. 2 at 49-51 of 55). The fact that he filed the instant appeal *pro se* further belies this allegation.

rise to a colorable constitutional due process claim.

Alternatively, plaintiff submits that the statute of limitations should be equitably tolled because his mental illness prevented him from timely filing.[10] Although the court retains discretion to equitably toll the statute of limitations in appropriate circumstances, *see United States v. Clymore*, 245 F.3d 1195, 1198 (10th Cir. 2001), "[f]ederal courts have typically extended equitable relief only sparingly," *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (citation and internal quotation marks omitted). The Supreme Court has confirmed that equitable tolling is not appropriate unless both these elements are satisfied. *See Menominee Indian Tribe of Wisconsin v. United States*, – U.S. –, 136 S.Ct. 750, 756, 193 L.Ed.2d 652 (2016).

Given these stringent standards, "[a]s a general matter, the federal courts will apply equitable tolling because of a [plaintiff]'s mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004). *See also Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008) ("Courts that have allowed equitable tolling based on mental illness have done so only in exceptional

---

[10] I note plaintiff failed to request an extension of the deadline to file an appeal from the Appeals Council, an opportunity that also was plainly set forth in the denial letter. (**Commissioner Resp**., Exh. 2 at 50 of 55.) *See* 20 C.F.R. § 404.982. *See also Butler v. Colvin*, 2014 WL 2896000 at *3 (W.D. Okla. June 26, 2014). Mental illness or incapacity is one factor which may justify a finding of good cause to extend the deadline to appeal. *See* Social Security Ruling 91-5p, 1991 WL 208067 at *2 (SSA July 1, 1991). Plaintiff never afforded the agency the opportunity to consider that issue, however.

7

circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent."); ***Miller v. Runyon***, 77 F.3d 189, 191 (7th Cir. 1996) ("[M]ental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."), ***cert. denied***, 117 S.Ct. 316 (1996). For its part, "the Tenth Circuit has never held that mental incapacity entitles an individual to equitable tolling," ***Uhey v. Potter***, 2007 WL 135616 at *6 (D. Colo. Jan. 16, 2007), although it has noted the decisions of other courts finding incompetency and institutionalization to constitute such exceptional circumstances, ***see Biester v. Midwest Health Services, Inc.***, 77 F.3d 1264, 1268 (10th Cir. 1996). ***See also Harms v. Internal Revenue Service***, 321 F.3d 1001, 1006 (10th Cir.) (equitable tolling not appropriate where plaintiff presented no evidence he was mentally incompetent after he resumed taking his antipsychotic medication, some three years before filing his complaint), ***cert. denied***, 124 S.Ct. 159 (2003).

No such extreme circumstance is evidenced in the allegations of plaintiff's proposed amended complaint. There is no allegation or evidence suggesting plaintiff was mentally incompetent or institutionalized during the relevant period of time. (***See* Motion To Amend**, Exh. A ¶¶ 54 at 11-12 (noting plaintiff was hospitalized for ten days at some unspecified time before the Appeal Council denied is request for review).) While plaintiff plainly suffers numerous ill effects related to his various mental impairments, he just as plainly "was capable of pursuing his own claim," as evidenced by his ability to file and pursue a new application for benefits. ***Biester***, 77 F.3d at 1268. I therefore find no justification for equitably tolling the statute of limitations in this case.

Thus I find and conclude that plaintiff's motion for leave to file a proposed amended complaint should be denied, as the proposed amendment would be futile. Even accepting all well-pleaded facts therein, it is patent that his appeal is time-barred. Thus, the motion for leave to amend will be denied, and the Commissioner's motion to dismiss granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion To Amend Complaint** [#32], filed September 1, 2017, is denied;

2. That **Defendant's Motion To Dismiss Pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6)** [#26], filed July 10, 2017, is granted; and

3. That this appeal is dismissed.

Dated December 4, 2017, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge